NARCISO PAGÁN, demandante y apelante, *v.* LA SUCESIÓN DE EULALIO ROSALY Y VÁZQUEZ, compuesta de su cónyuge viuda Doña María Hostas y sus legítimos hijos MANUEL, EULALIO, CONCEPCIÓN, ANGELES, MARÍA, JORGE, EDUARDO y MIGUEL ROSALY HOSTAS, demandada y apelada.

No. 4012.—*Visto:* Noviembre 8, 1926. *Resuelto:* Enero 14, 1927.

1. APELACIÓN Y ERROR—RECORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RECORD—DEFECTOS, OBJECCIONES, ENMIENDAS Y CORRECCIONES — CORRECCIÓN EN EL TRIBUNAL DE APELACIÓN—OMISIONES EN EL RECORD—SUBSANACIÓN.—Aunque es dudoso si puede considerarse las constancias de otro récord cuando un caso es sometido por las alegaciones de la demanda, la contestación y excepción previa, sin embargo, la corte puede permitir al apelante durante la apelación que subsane la omisión de no incluir en el legajo de la sentencia del caso los hechos que según el propio apelado, se presentaron en evidencia en la corte inferior.

2. APELACIÓN Y ERROR—ALEGATOS—ALEGATOS SIN SEÑALAMIENTO DE ERRORES NI EXPOSICIÓN CONCISA DE LOS HECHOS—DISCRECIÓN PARA PERMITIR LA PRESENTACIÓN DE NUEVO ALEGATO—EN GENERAL.—El Tribunal Supremo en su discreción y bajo pena de desestimar más tarde, puede permitir se presente un nuevo alegato dentro de un tiempo limitado cuando el alegato original no cumple con las Reglas de dicho tribunal pero las cuestiones sometidas por aquél son fundamentales, y especialmente cuando dichas cuestiones han sido parcialmente discutidas al resolverse otro fundamento de desestimación.

MOCIÓN sobre desestimación de apelación presentada por la apelada. *Sin lugar.*

*Agustín E. Font* y *Luis Villaronga,* abogados del apelante; *Arjona & Arjona,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal

Un hijo natural entabló una acción de filiación en la Corte de Distrito de Ponce. Después de varias mociones preliminares, se radicó una contestación enmendada. El demandante se opuso a esta contestación, y según parece, su

objeción fué desestimada. La contestación enmendada fué radicada con una excepción previa y la apelada alega que se sometió el caso por las alegaciones. En la excepción previa y la contestación se levantaban dos cuestiones, siendo una de ellas que la acción había prescrito y la otra, que un pleito anterior convertía este asunto en *res adjudicata*. La corte de distrito resolvió ambas cuestiones a favor de la demandada. Se apeló de tal resolución, y la apelada solicita se desestime la apelación.

[1] El primer fundamento es que el apelante no ha suministrado a esta corte una transcripción completa. Su teoría es que la corte, al resolver que el caso era *res adjudicata,* examinó los autos anteriores de la corte para determinar si había identidad en las dos acciones, y que el apelante ha dejado de incluir en el legajo de la sentencia de este caso los hechos presentados en evidencia en el pleito anterior. Según aparece de los autos, y tal como leemos de los alegatos y manifestaciones de las partes, el caso fué sometido a la corte por las alegaciones de la demanda, la contestación y la excepción previa, y parece que la corte no tenía derecho a considerar una cuestión de hecho que no le había sido sometida. Estamos más inclinados hacia este punto de vista, aunque se nos podría convencer de lo contrario, pero aún si el asunto fuera más dudoso, estaríamos dispuestos a permitir que el apelante subsanara ese supuesto defecto en debida forma.

Esta es una apelación extraordinaria, dadas las alegaciones, pero la regla general es que no se debe desestimar una apelación por el hecho de que el apelante no ha incorporado a los autos del caso la evidencia, ya que las alegaciones pueden ser examinadas.

[2] El segundo fundamento para la desestimación es que el alegato del apelante deja de cumplir con las reglas de esta corte. Encontramos que esto es lo cierto. No hay señalamiento de errores. Tampoco se ha hecho una exposi-

ción concisa de los hechos, según lo exige la regla 41. Sin embargo, una lectura del corto alegato del apelante, la que se hace necesaria en este caso, hace surgir una duda en nuestras mentes, no solamente en lo que a la cuestión de *res adjudicata* se refiere, según se ha indicado antes, sino también sobre la otra cuestión, o sea, la prescripción de la acción. Intencionalmente nos hemos abstenido de considerar cuidadosamente si de acuerdo con los varios códigos y sus disposiciones transitorias el apelante tiene derecho a entablar esta acción, ya que nos gustaría oir a ambas partes. Sin embargo, si el apelante está en lo cierto, se ha cometido un error fundamental. Bajo estas circunstancias, la moción de desestimación debe ser declarada sin lugar, con la condición de que el apelante radique dentro del término de diez días un nuevo alegato que cumpla con las reglas de esta corte. De lo contrario, *la apelación será desestimada.*

El Juez Asociado Señor Hutchison no intervino.